[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINAL ORDER OF DISSOLUTION
The court incorporates herein the findings made by the court about the evidence and the parties' positions as stated on the record at the end of the evidentiary proceedings on September 24, 1998. The court has reviewed the statutory criteria for the granting of a dissolution of marriage, the awarding of alimony and attorney fees, and the dividing of the parties' assets and liabilities. The court issues the following orders:
1) DISSOLUTION OF MARRIAGE.
The parties' marriage is hereby dissolved.
2) REAL PROPERTY.
Each party shall retain, free from any claim of the other, the real estate each had prior to their marriage, more specifically:
The Husband shall retain, free from any claim from the Wife his residence, the real property known as 55 Booth Road, Roxbury, Connecticut; and
The Wife shall retain, free from any claim from her Husband her residence, the real property known as 125-2C Florence Road, Branford, Connecticut.
3. PERSONAL PROPERTY.
Each party shall retain, free from any claim from the other, the personal property in his or her possession. CT Page 11385
Each party shall retain, free from any claim from the other, any and all bank accounts in his or her name.
The Husband shall retain, free from any claim from the Wife, the sum of $17,719.82 currently held in escrow by Attorney Paul Cornell, Trustee
The Husband shall retain free from any claim from the Wife, the Husband's interest in the business known as Roxbury Electric.
4. STOCK, BONDS, AND MUTUAL FUNDS.
As to the Charles Schwab Brokerage Account jointly owned by the parties and having an amount of approximately $42,000.00, the wife shall receive 60% of this account and the husband shall receive 40% of this account. The distribution of this account to the parties shall be deemed as support and shall not be dischargeable in bankruptcy.
5. DEFERRED COMPENSATION.
The Wife shall retain, free from any claim from her Husband, her UTA Charles Schwab IRA and her Aim Mutual Funds 401K.
The Husband shall retain, free from any claim from the Wife, his Charles Schwab IRA.
6. ALIMONY.
Neither party shall pay periodic alimony to the other.
7. LIABILITIES.
Each party shall be responsible for and hold the other harmless from any and all liabilities in his or her name. Each party shall bear the responsibility for his or her own attorney's fees.
SO ORDERED.
This 29th day of September, 1998.
Stevens, J. CT Page 11386